UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ISAAC HIGHTOWER,

                         Petitioner,

                                                    DECISION AND ORDER
            v.                                           05-CV-0538A
                                                         03-CR-080A

UNITED STATES OF AMERICA,

                         Respondent.

## INTRODUCTION

             Currently before the Court is the motion of petitioner Isaac Hightower

to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  For the

reasons stated, the motion is denied.

## BACKGROUND

             On March 24, 2004, petitioner pled guilty to one count of conspiracy to

distribute cocaine base, in violation of 21 U.S.C. § 846.  On January 6, 2005, he was

sentenced principally to a term of imprisonment of 130 months.  He did not appeal.

             On August 2, 2005, petitioner filed the instant motion pursuant to 28

U.S.C. § 2255, to vacate, set aside or correct his sentence.  On December 19, 2005,

the government filed a motion to dismiss and on December 27, 2005, filed an answer in

opposition.  Petitioner did not file a reply.

### DISCUSSION

Petitioner asserts that he is entitled to relief under § 2255 because at the time of sentencing, his counsel failed to request a downward departure based on his poor health.  The Court finds that petitioner's claim of error is procedurally barred.

In ¶ 11 of petitioner's plea agreement, the parties agreed that petitioner's sentencing range under the United States Sentencing Guidelines and the applicable statutory minimum penalties would be 240 months.  In ¶ 18 of the plea agreement, petitioner waived any right to appeal or collaterally attack any sentence of 240 months or less imposed by the Court.  As stated above, petitioner was sentenced to 130 months.  Petitioner's knowing and voluntary waiver of the right to appeal or collaterally attack his sentence precludes any subsequent challenge to his sentence.  See United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995).

Petitioner does not allege that his waiver of his right to appeal or collaterally attack his sentence was not knowing and voluntary.  The Court has reviewed the transcript of petitioner's plea proceedings and finds that the requirements of Rule 11 of the Federal Rules of Criminal Procedure were scrupulously followed and that petitioner's waiver was knowing and voluntary.  In particular, the Court notes that petitioner was expressly asked whether he

understood that he was waiving his right to appeal or collaterally attack his plea and petitioner indicated that he understood.  See Plea Transcript at 27.

To allow petitioner to collaterally attack his plea under § 2255 at this point would be to countenance an obvious circumvention of the plea agreement in which petitioner bargained away his right to appeal or collaterally attack his sentence.  This the Court will not do.  As the Second Circuit has stated, "[t]he government, [the] court, the public, **and** criminal defendants have legitimate interests in the integrity of the plea bargaining process and in the finality of sentences thus imposed."  Pipitone, 67 F.3d at 39 (citations omitted) (emphasis in original).  "[T]he waiver provision is a very important part of the [plea] agreement–the Government's motivating purpose, decreased effort and expense of protracted litigation, is not well-met if the defendant is permitted to appeal that to which he has agreed."  United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

Where, as here, petitioner knowingly and voluntarily waived his right to appeal or collaterally attack his sentence, he cannot circumvent this waiver by couching his claims in terms of "ineffective assistance."  See  United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999); Djelevic, 161 F.3d at 107.  To permit petitioner to raise his  ineffective assistance claims under the circumstances present here would render the waiver of appeal provision meaningless.  See Djelevic, 161 F.3d at 107.

In addition, in ¶9 of the plea agreement, the petitioner agreed not to move for any downward adjustments or departures not already included in the plea agreement.  Petitioner did not reserve the right in the plea agreement to move for a downward departure based on his medical condition.  Thus, his counsel was precluded under the plea agreement from making such a motion.

## **CONCLUSION**

For the reasons stated, petitioner's § 2255 motion is denied.  The Clerk of Court is hereby ordered to enter judgment in favor of the respondent and take all steps necessary to close the case.

A certificate of appealability is hereby denied as petitioner has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3),  that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).  Any further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

/s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 17, 2006